IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING



FILED

10:24 am, 2/17/10

Tim J. Ellis
Clerk of Court

In re )
)
RICHARD PASQUEL ROMERO ) Case No. 09-20980
BRENDA LOUISE ROMERO, ) CHAPTER 13
)
Debtors. )

**MEMORANDUM OPINION**

THIS MATTER came before the Court on February 2, 2010, for an evidentiary hearing on confirmation of the Debtors' Amended Chapter 13 Plan dated November 17, 2009 ("Amended Plan"), and the objections of Mark R. Stewart, Standing Chapter 13 Trustee. The debtors were represented by their attorney Ken McCartney. The Trustee appeared pro se. The Court being fully advised in the matter, finds and concludes as follows:

1. The Trustee objected to the Amended Plan for the following reasons: (1) the plan fails to pay all Debtors' disposable income to unsecured creditors; and (2) the plan is not feasible. The Trustee argued that Debtors' projected disposable income should be based on previous years' tax returns.

2. Debtors contended that, although their income was substantially more in previous tax years, as reflected on their tax returns, due to medical issues and the economic conditions that caused Mr. Romero to be furloughed, their current income is not near the income they previously made.

3. Mrs. Romero has medical issues that resulted in her not working in 2009. She testified that the medical issues were resolved and she is applying and interviewing for jobs.

4. As a conductor for the railroad, Mr. Romero makes six trips every two weeks

between Cheyenne and Rawlins. Mr. Romero testified that he was on family medical leave from his job due to his wife's medical issues during part of 2009. Anytime that he took the family medical leave he did not get paid, resulting in a decrease in his income. He also testified that he had begun working more steadily in January, only having to take one day of family medical leave.

## Discussion

A debtor's actual circumstances at the time of plan confirmation are properly taken into account in order to project, or forecast, how much income the debtor would actually receive during the plan commitment period.[1] *Lanning* is the controlling law in the Tenth Circuit.

The Court, in considering the debtors' current employment circumstances, cannot find that it is reasonable to impute a wage to either, based on their historical data. In this case, it would not be so much a forecast, but speculation and a "guess" of what their income may be in the future. Therefore, the Trustee's objection is overruled and the Amended Plan will be confirmed by separate order.

DATED this __12__ day of February, 2010.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
  Ken McCartney
  Mark Stewart

---

[1] *In re Lanning*, 545 F.3rd 1269 (2008) (Certiorari granted, in part, *Hamilton v. Lanning*, 129 S. Ct. 2820 (2009)).